**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Civil Case No._____

DAVID MARTINEZ,

      *Plaintiff*,
v.                                                                                   NOTICE OF REMOVAL

ABF FREIGHT SYSTEMS, INC.,
MATTHEW BOTTINGTON,
JOHN LANCASTER,
BART THOMPSON, ROBERT
FAIRCLOTH, and CORY ATHENS,

      *Defendants*.
_____/

**DEFENDANT, ABF FREIGHT SYSTEMS. INC.,**
**NOTICE OF REMOVAL OF FLORIDA STATE COURT LITIGATION**
**PURSUANT TO 28 U.S.C. §§ 1441 (b) & 1446(a)**

COMES NOW, Defendant, ABF FREIGHT SYSTEMS. INC., (ABF) and in support of this *Notice* states as follows:

1.  Pursuant to 28 U.S.C. §§ 1441(b) & 1446(a), Defendant, ABF FREIGHT SYSTEMS. INC., by and through undersigned counsel, hereby files and serves this *Notice of Removal* of the state civil action entitled, *DAVID MARTINEZ, v. ABF FREIGHT SYSTEMS. INC., MATHEW BOTTINGTON, JOHN LANCASTER, BART THOMPSON, ROBERT FAIRCLOTH, and CORY ATHENS,* Case No. CASE NO.: 50-2018-CA-015820, and filed December 20, 2018, in the Circuit Court of the 15th Judicial Circuit of the State of Florida in and for Palm Beach County ("the State Court Litigation"), to the United States District Court of the Southern District of Florida, West Palm Beach Division. *See Complaint* attached as *Composite Exhibit 1*.

2. This action is a civil action in which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court by ABF pursuant to the provisions of 28 U.S.C. § 1441(b). *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014)

3. The Plaintiff is a citizen and resident of Florida, presently and at the time of the filing of this action. Contrary to the allegation in Plaintiff's complaint, Defendant ABF has affirmatively ascertained the Defendants, Mathew Bottington, John Lancaster, Bart Thompson, Robert Faircloth, and Cory Athens, are not, and were not citizens or residents of the state of Florida at the time Plaintiff filed this action. Moreover, as of the filing of this notice of removal the above named defendants have not been properly joined and served.

4. ABF is a citizen of Arkansas and is not a citizen of Florida, and is based in the State of Arkansas. ABF is a subsidiary of ArcBest Corporation, formerly Arkansas Best Corporation. Based upon these true facts, there is complete diversity between Plaintiff and properly joined and served Defendant, ABF.

5. The amount in controversy exceeds the sum of $75,000.00 as the Plaintiff alleges he has suffered "traumatic brain injuries and severe emotional distress" as a result of the alleged incident, stated in paragraph 24 of Plaintiff's complaint. Moreover, the Plaintiff alleges "punitive damages" in the "WHEREFORE" clause of all twelve counts in the complaint. *See* copy of Plaintiff's *Complaint* attached as <u>*Exhibit 1*</u>. "The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by defendant." *Woolard v. Heyer-Schulte* , 791 F. Supp. 294, 296 (S.D. Fla. 1992), citing *Wright v. Continental Casualty Co.* , 456 F. Supp.

1075, 1078 (M.D. Fla. 1978). A district court may look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted, *Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995); *Shear Healthcare Resources, Inc. v. TNI Inc.*, 1994 WL 383936, 2 (M.D. Fla. 1994). Accordingly, this case is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441.

6.  ABF first became aware that this case was removable when served with the lawsuit filed in State Court, on January 7, 2019. Therefore, this action to remove is timely. *See Summons to Complaint* attached as *Composite Exhibit 1*.

7.  Codefendants Mathew Bottington, John Lancaster, Bart Thompson, Robert Faircloth, and Cory Athens have taken no affirmative actions to avail themselves of the jurisdiction of the state courts, and have not waived their rights to removal.

8.  Consistent with 28 U.S.C. § 1446(d), Defendant ABF is concurrently filing a *Notice of Removal* in the 15th Judicial Circuit of the State of Florida, Palm Beach County (case number 50-2018-CA-015820, Attached hereto as *Exhibit 2*.

9.  Defendant ABF consents to this removal action.

10. As required by 28 U.S.C. §1446(a), attached are copies of all process, pleadings, motions, orders, and other papers served upon Defendants and/or filed in the state court action, labeled as *Composite Exhibit 1*, which includes:

    (A)  Notice of Service of Process

    (B)  Civil Action Summons (to ABF) E-Filed 12/20/2018

    (C)  Complaint demand for Jury Trial E-Filed 12/17/2018

11. Defendant ABF FREIGHT SYSTEMS. INC., reserves the right to amend or supplement this *Notice of Removal* with information and additional bases for removal that may come to light upon further investigation.

Respectfully Submitted this 25th day of January, 2019.

> **NICKLAUS & ASSOCIATES, P.A.**
> *Attorneys for Defendant ABF Freight Systems, Inc.*
> 4651 Ponce de Leon Blvd., Suite 200
> Coral Gables, Florida 33146
> Telephone: 305-460-9888
> Facsimile:  305-460-9889
> edwardn@nicklauslaw.com
> raulf@nicklauslaw.com
>
> By: */s/Raul Flores*
> **EDWARD R. NICKLAUS, ESQ.**
> Florida Bar No.: 138399
> **RAUL FLORES, ESQ.**
> Florida Bar No.: 085080

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served per F.R.C.P. 5 and Local Rule 2F, this 25th day of January, 2019.

> By: /s/*Raul Flores*
> **RAUL FLORES, ESQ.**
> Florida Bar No.: 085080

## SERVICE LIST

**Ishmael A. Greene, Esq.**
Ishmael A. Green & Associates, P.A.
*Attorney for Plaintiff*
812 SE 8th Avenue
Deerfield Beach, FL 33441
Tel: (561) 465-6669
ishmael.a.green@gmail.com